IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAMES ANTHONY JACKSON     *
also known as Travis M. Fullard
          Petitioner,            *

v.                                    * CIVIL ACTION NO. PWG-14-3732

STATE OF MARYLAND         *
          Respondent.
                                    *****

## MEMORANDUM

On November 26, 2014, the Court originally received for filing this self-represented "motion for relief from judgment," filed by James Anthony Jackson, who is currently housed in the Texas Department of Criminal Justice on an Interstate Corrections Compact ("ICC") transfer from Maryland. Jackson who holds himself out as an "artificial person" also known as Travis Fullard, raises a collateral attack on his 1988 convictions on first-degree felony murder, handgun violations and other merged offenses in the Circuit Court for Prince George's County in 1988, Maryland, for which he received two consecutive life sentences plus forty years. He claims the judgment it is void due to lack of subject-matter and personal jurisdiction.[1] ECF No. 1.

---

[1] In making such an allegation, Jackson seemingly raises a "Flesh and Blood defense" or "sovereign man defense," stating that his status as a "foreign sovereign" overrides the presumption that he is a statutory citizen, agent or instrumentality of the United States. He claims that the state of Maryland's case was "based on commercial paper (State paper)" underwritten by the "undisclosed principal Travis Fullard," who is the real party in interest. He further claims that as a Moorish American National and a natural-born citizen of the "Republic of Florida" he exists and operates as an instrumentality of the Republic of Florida. ECF No. 1 at pgs. 3-6. He refers to the charging document as a "public offering" that did not contain a "proof of claim," but which was accepted for value by the "realtor" Travis Fullard. Jackson additionally claims that his due process rights were violated when his legal standing from a natural, non-resident alien, private person was altered into a statutory, public person and resident of Maryland. *Id.* at 7–10. Jackson also takes issue with his Maryland criminal judgment on the basis of an insufficient indictment, the failure to "certify the charges under penalty of perjury," the discharge of the judgment, and other miscellaneous grounds. *Id.* at 11–15.

Jackson maintains that the Maryland courts utilized an unconstitutional criminal proceeding to render a judgment against him that is void. The "motion for relief from judgment" was accompanied by a "request for waiver of memorandum of law," a "motion for joinder" and a "declaration of diversity of citizenship." ECF Nos. 2–4. No filing fee accompanied the cause of action, which has been construed as a 28 U.S.C. § 2254 petition for writ of habeas corpus. Since the filing of his original petition, Jackson has filed supplemental evidentiary exhibits. ECF Nos. 5–6.

I have examined Jackson's filings, including his attached memorandum, affidavit, and exhibits. I observe that Jackson previously filed a § 2254 petition in 1994, attacking his 1988 conviction in Prince George's County.[2] *See Jackson v. Smith*, No. HAR-94-114 (D. Md. filed Jan. 14, 1994). He raised grounds going to the sufficiency of the evidence, uncorroborated accomplice testimony, prosecutorial misconduct, erroneous use of nol prossed charges, trial court error, ineffective assistance of trial and appellate counsel, a due process violation, and an invalid plea deal. *Id.* at ECF No. 1. After briefing by the parties and review by a Magistrate Judge, the petition was denied by Judge John R. Hargrove on June 12, 1995. *Id.* at ECF No. 24. On April 2, 1996, the United States Court of Appeals for the Fourth Circuit affirmed the reasoning of the District Court. *See Jackson v. Smith*, 81 F.3d 150 (4th Cir 1996) (Table).

There is no need to address the merits of Jackson's grounds for relief and the timeliness of the petition. I observe that under 28 U.S.C. § 2244, Jackson may file a second or successive habeas corpus petition only if he first has moved the appropriate circuit court for an order authorizing the district court to consider his application. *See* 28 U.S.C. § 2244(b)(3); *Felker v. Turpin*, 83 F.3d

---

[2] Jackson filed the previous habeas corpus petition under the name of Derek Jackson, also

2

1303, 1305–07 (11th Cir. 1996). Jackson's first § 2254 application was dismissed on the merits. The pending petition is successive and this court may not consider it until the Fourth Circuit enters an order authorizing this court to do so. *See* 28 U.S.C. § 2244(b)(3)(A); *see also In re Vial*, 115 F.3d 1192, 1197–98 (4th Cir. 1997). Because it does not appear that Jackson has complied with this "gatekeeper" provision, the pending "motion for relief from judgment," construed as an application for habeas corpus relief, must be dismissed pursuant to 28 U.S.C. § 2244(b)(3).

The United States Court of Appeals for the Fourth Circuit has set forth instructions for the filing of a "motion" to obtain the aforementioned authorization Order. The procedural requirements and deadlines for filing the "motion" are extensive. Consequently, this Court has attached hereto a packet of instructions promulgated by the Fourth Circuit that addresses the comprehensive procedure to be followed should Jackson wish to seek authorization to file a successive petition. It is to be emphasized that Jackson must file the "motion" with the Fourth Circuit and obtain authorization to file his successive petition before this Court may examine his claims.

Jackson must satisfy the provisions of 28 U.S.C. § 2253(c) before a certificate of appealability may issue. Section 2253 provides that a certificate of appealability may issue only if the applicant has made a "substantial showing" of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Petitioner is not required to show that he would prevail on the merits. *See Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the

---

known as James A. Jackson and Sa-id Abdus-Samad.

denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel,* 529 U.S. at 484). The denial of a certificate of appealability does not preclude a petitioner from seeking permission to file a successive petition or from pursuing his claims upon receiving such permission. Because Jackson has not made a substantial showing of the denial of his constitutional rights, this court declines to issue a certificate of appealability.

For the reasons set forth herein, this Court is without jurisdiction to review the instant petition, and accordingly the petition shall be dismissed. Jackson's request for waiver of memorandum and motion for joinder shall be denied. A separate Order shall be entered reflecting the ruling set out herein.

Date: March 9th, 2015

Paul W. Grimm
United States District Judge